UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re: Michael David Wolok                                      Case No. 12-12649-RAM
                                                                Chapter 13
        Debtors
_____/

**DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION TO EXEMPTIONS
AND CERTIFICATE OF SERVICE**

Debtor, Michael David Wolok, by and through undersigned counsel, hereby responds to the Trustee's Objection to Exemptions [DE 48] and in support of Debtor's claim of exemptions states as follows:

**FACTS**

1. On the date that he filed his voluntary petition for Chapter 13 bankruptcy, the Debtor was in possession of two uncashed checks payable to him in the amounts of $2094.00 and $628.00, respectively. The total amount of these two uncashed checks was $2722.00.

2. Both of these checks were paid to the Debtor by the United States Social Security Administration for retroactive disability benefits through the Administration's Supplemental Security Income program.

3. The Debtor has claimed these funds as exempt and/or excluded from the bankruptcy estate pursuant to 42 U.S.C.A. §407(a) on his Amended Schedule C [ECF# 44], and has provided to the Chapter 13 Trustee what he believes is the appropriate case law on the issue.

4. On May 11, 2012, the Chapter 13 Trustee filed her Objection to the Debtor's claim of exemptions [DE 48]. This matter has been set for a hearing to occur before this Court on June 12, 2012 at 9:00 AM.

**DISCUSSION**

5. The Debtor believes that the plain language of the Social Security Act, section 42 U.S.C.A. §407(a) is dispositive on this issue. The plain language of this portion of the Act reads as follows:

> "In general: The right of any person to any future payment under this subchapter shall not be transferrable or assignable, at law or in equity, and *none of the monies paid* or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the *operation of any bankruptcy or insolvency law.*" Emphasis added.

6. Congress, in enacting this provision of the Social Security Act, would not have specifically included the phrases "none of the monies paid" and "operation of any bankruptcy or insolvency law" unless it intended that both of these phrases be given their plain meaning. In other words, the legislature clearly intended that monetary benefits that had already been paid to a disabled recipient under the Act be excluded from the operation of <u>any</u> bankruptcy law.

7. Furthermore, other Courts around the country that have analyzed the issue of whether accumulated benefits received pursuant to the Social Security Act are excluded and/or exempt from the bankruptcy estate have determined that the accumulated benefits are excluded from the reach of the bankruptcy trustee.

8. The U.S. 8th Circuit Court of Appeal reviewed a substantially similar issue in *In Re Carpenter*, 614 F.3d 930 (C.A. 8th 2010). In *Carpenter*, the Court was presented with a situation where the Debtor had received a lump sum benefit payment pursuant to the Social Security Act shortly before filing his petition for bankruptcy and had claimed the lump sum payment as excluded from the estate under § 407(a). The Court was tasked with deciding

whether, in this circumstance, the anti-assignment provisions of the Social Security Act operated as a complete bar to the forced inclusion of past and future social security benefits in the bankruptcy estate.

9. After reviewing the interplay between § 407(a) and 11 U.S.C. §541and §522 of the U.S. Bankruptcy Code, the *Carpenter* Court concluded the following;

> "We therefore hold, in accord with the BAP's decision, that § 407 operates as a complete bar to the forced inclusion of past and future social security proceeds in the bankruptcy estate. . . .We conclude § 407 must be read as an exclusion provision, which automatically and completely excludes social security proceeds from the bankruptcy estate, and not as an exemption provision which must be claimed by the debtor." *In Re Carpenter*, 614 F. 3d at 936.

10. Similarly, the Court in *In Re Frazier*, 116 B.R. 675 (Bkcy. W.D. Wisc. 1990), analyzed a Debtor's claim that his accumulated pre-petition social security benefits were exempt under § 407 and held, "A disability benefit (whether periodic or lump-sum payment), is not divested of its character as a payment in the nature of future earnings simply by virtue of its receipt by the beneficiary prior to the time the bankruptcy petition is filed." *Frazier* at 678. The Court went on to say, "The debtor's benefits represented by the uncashed check are readily identifiable and retain their exempt status." *Id*.

11. The *Frazier* opinion is directly applicable to the present case as the benefits received by Debtor Michael David Wolok prior to the filing of the petition were also in the form of uncashed checks.

12. The debtor in the present case, Michael David Wolok, is a very low-income debtor. The monetary income which he uses to pay his monthly living expenses is derived almost exclusively from the $698.00 he receives in on-going benefits each month from the Social

Security Administration. He relies greatly on the $2,722.00 he received in retroactive benefits prior to the filing of the petition to supplement his very low monthly income in order to meet his basic needs.

WHEREFORE, the Debtor respectfully requests that this Court uphold his claim of exemption relating to the $2,722.00 he received as lump-sum benefits prior to the filing of this petition.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Respectfully Submitted,

LEGAL SERVICES OF GREATER MIAMI, INC.

BY  /s/
Matt Bayard Esq.
Florida Bar No. 32209
Attorney for Debtor
3000 Biscayne Boulevard, Suite 500
Miami, Florida  33137
Telephone: (305) 438-2413

**CERTIFICATE OF SERVICE**

Debtor hereby certifies that copies of this Response was served by Notice of Electronic Filing on May 23, 2012 to :

Nancy N Herkert, Chapter 13 Trustee
e2c8f01@ch13herkert.com